779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROCKNE MORRISSEY, Plaintiff-Appellant,
v.
B.G. DANIS CO., INC.; DANIS INDUSTRIES CORP., Defendants-Appellees.
 84-3701
 United States Court of Appeals, Sixth Circuit.
 10/31/85
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and GIBBONS[1], District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff/Appellant Rockne Morrissey appeals a jury verdict in favor of defendant/appellant B.G. Danis Co., Danis Industries Corp. (collectively 'Danis'), which concluded that Danis did not discriminate against Morrissey because of age.
 
 
 2
 The facts are basically undisputed: Morrissey was forty-one years of age when hired by Danis in 1973. Morrissey held various positions in the area of concrete forming operations at Danis from 1973 to 1982. In 1982, Danis was encountering severe economic difficulties due to a critical decline in sales, profits and new work. After a hiring and pay freeze failed to counteract the economic downturn, a reduction in force, directed primarily at employees whose performance was judged to be less than satisfactory, was initiated in March, 1982. When business did not improve, Danis was required to further reduce its work force in June. The second reduction was directed primarily at those individuals who lacked flexibility and who were performing non-essential duties. Morrissey was included in this second reduction.
 
 
 3
 Morrissey instituted this action against Danis alleging that he was terminated because of his age. Prior to trial on these charges, Morrissey's counsel filed a motion in limine seeking to prohibit defense counsel from, either directly or indirectly, identifying Morrissey's wife as an attorney during the trial. The motion was granted with the limitation that the trial judge could determine, during voir dire, if any member of the jury panel knew Morrissey's wife professionally or personally and if such knowledge would prejudice their decision in any way if they were selected as a juror. The trial judge made similar inquiries concerning the parties as well as Morrissey's trial counsel and defense counsel. During trial, Morrissey introduced no direct proof of discrimination. He testified that no one from Danis had ever suggested that his termination was a result of his age. The jury, after a seventy-seven minute deliberation, returned a verdict in favor of Danis.
 
 
 4
 Morrissey now argues that the district court erred by identifying Morrissey's wife as an attorney during voir dire examination. Under Federal Rule of Civil Procedure 47(a), the district court has broad discretion to control and conduct the examination of prospective jurors during voir dire. 'The scope of questions permitted to be asked on voir dire is generally a matter addressed to the sound discretion of the court.' Eisenhauer v. Burger, 431 F.2d 833, 836 (6th Cir. 1970).
 
 
 5
 Initially, it should be noted that Morrissey's trial counsel did not object to the limited use of the information here at issue. After the district judge explained how the information would be used, Morrissey's counsel stated, 'Naturally, I would perfer it not be mentioned, but I understand your reasoning.' Moreover, there is absolutely no indication that this information prejudiced Morrissey in any way. The judge instructed the jury that the fact that Morrissey's wife was an attorney was to be 'stricken from your minds and it should play no part whatsoever in your consideration of the evidence or in your deliberations in this case. In other words, it must not affect you in any way.' It is clear from the foregoing that the trial did not abuse his discretion in conducting the voir dire examination of prospective jurors.
 
 
 6
 Morrissey also argues that the jury's verdict was against the weight of the evidence and that his motion for a new trial should have been granted. When reviewing a district court decision granting or denying a new trial on the weight of the evidence, it is well settled that reversal may be predicated only upon an abuse of discretion. TCP Industries v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir. 1967). In commenting upon the scope of review, this court, in Duncan v. Duncan, 377 F.2d 49 (6th Cir. 1967) cert. denied, 389 U.S. 913 (1967) stated:
 
 
 7
 Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable . . . While the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached.
 
 
 8
 377 F.2d at 52 (citations omitted).
 
 
 9
 As previously noted, Morrissey produced no evidence of age discrimination at trial and acknowledged that no one from Danis had ever suggested that his termination was a result of age. Nor did Morrissey produce any witnesses, except himself, to testify on his behalf. Moreover, Danis' clearly articulated legitimate business reasons for the reduction in force--i.e., an acute lack of sales, profit, and new work during 1982, was not rebutted by Morrissey. Since the jury had before it no evidence of discrimination on the part of Danis, the district court was correct in denying Morrissey's motion for a new trial.
 
 
 10
 This court, having fully considered the remainder of Morrissey's contentions, finds them to be without merit. Accordingly, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Hon. Julia S. Gibbons, United States District Judge, United States District Court, Western District of Tennessee, sitting by designation